IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **SEQUOIA WILLIAMS** on behalf of M.T., <br><br> Plaintiff, <br><br> v. <br><br> **BOARD OF EDUCATION OF CHICAGO** and **TAMARA LITTLEJOHN**, <br><br> Defendants. | Case No. 18 C 2654 <br><br> Judge Harry D. Leinenweber |

## ORDER

Plaintiff Sequoia Williams' Complaint is dismissed with prejudice for lack of jurisdiction [Compl., ECF No. 1]. As such, her Application for Leave to Proceed *in Forma Pauperis* [ECF No. 4] and Motion for Attorney Representation [ECF No. 5] are correspondingly dismissed as moot.

## STATEMENT

In evaluating an application for leave to proceed *in forma pauperis*, the Court screens the underlying complaint to determine whether the action is frivolous or malicious or should be dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e). The Court must also confirm the case falls within its jurisdiction. *See Wernsing v. Thompson,* 423 F.3d 732, 743 (7th Cir. 2005).

On April 12, 2018, Plaintiff Sequoia Williams on behalf of her son filed her Complaint against Chicago's Board of Education and Tamara Littlejohn. (*See generally* Compl., Dkt. No. 1.) The

following facts are derived from her Complaint and are taken as true for purposes of the Court's initial screening, with all reasonable inferences drawn in her favor. The detailed Complaint alleges that the Defendants failed to supervise Plaintiff's son and other students on March 16, 2018, which led to another student fighting with, and subsequently injuring, her son. (*Id.*) It also alleges that the Defendants failed to seek proper medical attention for her son's injury. (*Id.*)

The Complaint purports to allege a cause of action under 42 U.S.C. § 1983. However, *DeShaney v. Winnebago County Dept. of Social Service,* 489 U.S. 189 (1989), forecloses any constitutional claim here. In *DeShaney,* the Supreme Court held that county authorities who had learned that a child was at risk of being abused by his father committed no constitutional violation when they failed to act to prevent the abuse. *Id.* at 191-94. The Court held that nothing in the due process clause requires the state to protect its citizens' life, liberty, and property "against invasion by private actors." *Id.* at 195. "*DeShaney* make it clear that it is not a constitutional tort when a private actor inflicts violence on a non-custodial citizen, even when the private actor's violence would not have occurred if the state had taken certain precautionary measures." *Thames v. Kimbrough,* No. 91 C 600, 1991 U.S. Dist. LEXIS 6581, at *10 (N.D. Ill. May 14, 1991) (dismissing a § 1983 claim against a school district for failing to protect a student from being shot by another student in school); *accord J.O. v. Alton Community Unit School Dist. 11,* 909 F.2d 267, 272 (7th Cir. 1990) (affirming dismissal of a § 1983 action against school district for failing to protect a student from sexual abuse). Plaintiff's Complaint alleges that her son was injured by another student (*i.e.,* by a private actor). Thus, the facts alleged fail to rise to a constitutional injury.

With no constitutional claim, the Court's jurisdiction dissolves. Federal question jurisdiction is lacking because the Complaint does not allege a violation of a constitutional right or any other federal law. And diversity jurisdiction is similarly non-existent because both parties are citizens of Illinois. Thus, even taking all facts in the Complaint as true, the Court does not have subject matter jurisdiction. The Court does not reach the merits of Plaintiff's claim. Plaintiff may have a meritorious claim against the Defendant, but it is a claim that must be adjudicated in state court. *See, e.g., Eversole v. Wasson,* 398 N.E.2d 1246 (Ill. App. Ct. 1980) (recognizing student's tort suit against school district for injuries inflicted in a teacher's assault). Thus, Plaintiff must file her Complaint in Illinois state court to seek relief.

The Court finds the above-described jurisdictional defect incurable, *see Joyce v. Joyce,* 975 F.2d 379, 386 (7th Cir. 1992), and thus dismisses the case with prejudice for lack of jurisdiction.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　United States District Court

Dated: 8/1/2018